**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

NOT FOR PUBLICATION

| | | |
|---|---|---|
| MARLA ROSE MILLER, | ) ) ) | |
| Plaintiff, | ) ) | No. 23-1971 |
| v. | ) ) | Filed: December 28, 2023 |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Marla Rose Miller, proceeding pro se, filed a Complaint in this Court on November 7, 2023. *See* Pl.'s Compl., ECF No. 1. The Complaint alleges that state and local government officials, a state judge, and several private individuals committed several legal violations in connection with a state court family law proceeding. More specifically, Plaintiff alleges that three individuals perpetrated a fraud on the court in an effort to obtain custody of her children. *Id.* at 7. In addition, she alleges that the state court proceedings violated Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. *Id.* at 6–8. Plaintiff also relies on Sections 1983 and 1985 of Title 42 to pursue claims for damages against state and local officials and private individuals working in concert with those officials. *Id.* at 18.

Upon careful review of the Complaint, the Court finds that it lacks subject-matter jurisdiction over Plaintiff's claims. The Court of Federal Claims may only hear cases against the United States, and Plaintiff's claims are directed at state and local officials, as well as private individuals. The Court also lacks authority to review or reverse state court decisions. Additionally, Plaintiff's fraud claim falls outside this Court's jurisdiction because the Court may not review tort

claims.  Because the Court lacks jurisdiction over Plaintiff's claims, the Complaint is **DISMISSED**

sua sponte pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims

("RCFC").

## I.   LEGAL STANDARDS

Before considering the merits of a claim, the Court must ensure that the matter is within its

subject-matter jurisdiction.  *See* RCFC 12(h)(3); *Steel Co. v. Citizens for a Better Env't*, 523 U.S.

83, 94–95 (1998) (affirming that subject-matter jurisdiction "'spring[s] from the nature and limits

of the judicial power of the United States' and is 'inflexible and without exception'" (quoting

*Mansfield v. Swan*, 111 U.S. 379, 382 (1884))).   The Court may assess its subject-matter

jurisdiction sua sponte.  *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004).  Once the

Court determines "that it lacks subject-matter jurisdiction, the court must dismiss the action."

RCFC 12(h)(3); *see Allen v. United States*, No. 2020-2143, 2022 WL 186067, at *2 (Fed. Cir. Jan.

20, 2022).  Although the Court construes pro se complaints liberally, pro se plaintiffs must still

establish the Court's jurisdiction over the matter.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see*

*also Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## II.   DISCUSSION

**A.      The Complaint Asserts Claims Against Parties Other Than the United States.**

The Court lacks jurisdiction over Plaintiff's claims because her allegations do not involve

the United States.  In this Court, "the *only* proper defendant for any matter before [it] is the United

States, not its officers, nor any other individual."  *Stephenson v. United States*, 58 Fed. Cl. 186,

190 (2003) (emphasis in original) (citing *United States v. Sherwood*, 312 U.S. 514, 588 (1941)).

The Court lacks jurisdiction over claims against state and local government officials, as well as

private persons.  *Johnson v. United States*, 144 Fed. Cl. 578, 582 (2019) ("It is well established that this court lacks jurisdiction to hear claims against individuals or local officials.").

Although the caption of the Complaint names the United States as defendant, all the allegations therein are directed at state officials, a state judge, and private individuals.  The Complaint identifies eight "perpetrators," all of whom appear to be state government officials or private entities.  ECF No. 1 at 6.  Similarly, the Complaint lists three defendants, all of whom appear to be private individuals.  *Id.* at 7.  Moreover, Plaintiff alleges that the state court—not any federal entity—violated Title II of the ADA and Section 504 of the Rehabilitation Act.  *Id.* at 17–18.  And she invokes Sections 1983 and 1985 of Title 42, neither of which "give rise to liability for the United States."  *Ramirez v. United States*, 239 F. App'x 581, 583 (Fed. Cir. 2007); *see* ECF No. 1 at 19.  The Court has no jurisdiction to grant relief against these officials, entities, or individuals—only the United States.  *See Stephenson*, 58 Fed. Cl. at 190.  Because no allegation implicates the United States, the Court lacks jurisdiction over Plaintiff's claims.

B.     **The Court Lacks Authority to Review State Court Proceedings.**

The Court cannot review Plaintiff's allegations regarding the legality of state court proceedings.  This is because the Court "lacks authority to review a state court's judgments" and "to remedy injuries that are caused by a state court's order."  *Potter v. United States*, 108 Fed. Cl. 544, 547 (2013) (holding that the court lacked jurisdiction over claims alleging that deficient state court proceedings "gave rise to fraud or breach of fiduciary claims"); *see Lord Noble Kato Bakari El v. United States*, 127 Fed. Cl. 700, 704 (2016) ("[T]this court lacks jurisdiction to review the decisions of state courts.").  Plaintiff alleges violations of federal law in connection with a state court family law proceeding and appears to seek vacation or reversal of the state court's orders.  *See* ECF No. 1 at 16–18.  The Court has no authority to review such proceedings or orders.  *See*

*Robinson v. United States*, 135 Fed. Cl. 556, 560 (2017) (holding that the court was "powerless" to review a state court order in a family law proceeding).

### C.    The Court Lacks Jurisdiction Over Claims of Fraud.

To the extent Plaintiff's fraud on the court claim asserts an independent cause of action, rather than a request to overturn the state court's orders, the Court also lacks jurisdiction. The Tucker Act grants the Court subject-matter jurisdiction over money claims against the United States based on violations of the Constitution or federal laws, or on contracts with the United States, or for "damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). In the civil context, fraudulent misrepresentation is a tort, and the Tucker Act specifically excepts torts from this Court's jurisdiction. *See Cycenas v. United States*, 120 Fed. Cl. 485, 491, 498 (2015) (dismissing claim against private individuals who allegedly made fraudulent misrepresentations in the plaintiff's bankruptcy proceeding); *Shearin v. United States*, 992 F.2d 1195, 1197 (1993) ("It is well settled that the United States Court of Federal Claims lacks . . . jurisdiction to entertain tort claims."). Thus, Plaintiff's fraud claim is beyond this Court's jurisdiction and must be dismissed.

### III.  CONCLUSION

The Court sympathizes with Plaintiff's circumstances. However, for the reasons discussed, it lacks subject-matter jurisdiction over Plaintiff's claims. This case is therefore **DISMISSED WITHOUT PREJUDICE** pursuant to RCFC 12(h)(3). The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

Dated: December 28, 2023                                    */s/ Kathryn C. Davis*
                                                              KATHRYN C. DAVIS
                                                              Judge